UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JEAN REIMER,
a/k/a Jean Marie Schulz,

        Petitioner,

v.

STATE OF MINNESOTA,
MIKE HATCH, and
AMY J. KLOBUCHAR,

        Respondents.

Civil File No. 06-3022 (MJD/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In May 2004, Petitioner was convicted in the state district court for Hennepin County, Minnesota, on a charge of offering a forged check. She received a year-and-a-day sentence, but the execution of her sentence was stayed for three years.[2]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

[2] Although Petitioner apparently is not incarcerated at this time, it appears that she is still subject to immediate imprisonment if the stay of her sentence were to be vacated. Thus, the Court finds that Petitioner is currently "in custody" for purposes of 28 U.S.C. § 2254(a).

Petitioner filed a direct appeal, but the Minnesota Court of Appeals upheld her conviction and sentence. State v. Schulz, No. A05-259 (Minn. App. March 28, 2006), 2006 WL 771321 (unpublished opinion). The Minnesota Supreme Court denied Petitioner's application for further review on May 24, 2006.

Petitioner is now seeking federal habeas corpus review of her check forgery conviction and sentence. Her petition presents a jumbled collection of claims, which she has described as follows: (1) "Amended Complaint failed to add Count two offering a forged check;" (2) "Trial Sept 14th I was in incarcerated [sic] for three hours for being five minutes late;" (3) "My sentencing was sched. for November 2nd before Judge Ann McKinsey;" (4) "Verdict - Count One - Inocent [sic] after 10 min into it - 9 am;" (5) "Important Dates;" and (6) "Jury - they wanted let me take stand as prev. charge. They were going to hang it at moon." For the reasons discussed below, the Court finds that Petitioner's claims cannot be entertained in a federal habeas corpus proceeding.

## II. DISCUSSION

A federal district court may entertain a habeas corpus petition filed by a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In other words, federal habeas corpus relief is available only for violations of federally protected rights. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, law or treaties of the United States"); Wainwright v.

---

See Hensley v. Municipal Court, 411 U.S. 345 (1973) (habeas petitioner released on his own recognizance before sentence was executed was "in custody").

Goode, 464 U.S. 78, 83 (1983) (per curiam) ("[i]t is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension").

In this case, Petitioner has not identified any federal constitutional basis for any of the claims presented her petition. Indeed, her petition never mentions, or even alludes to, any federal law or the federal Constitution, and no federal constitutional dimension can be found in any of Petitioner's claims for relief. Because Petitioner has not presented any claims based on federal law or the Constitution, her petition cannot be entertained in federal court. The Court will therefore recommend that this action be summarily dismissed pursuant to Rule 4 of the Governing Rules.

Finally, the Court notes that Petitioner has applied for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) That request must be denied, because Petitioner has failed to state an actionable claim for habeas corpus relief. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be DENIED;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be DENIED; and

3. This action be summarily DISMISSED.

Dated: July 21, 2006

                                                  s/ Arthur J. Boylan
                                                 ARTHUR J. BOYLAN
                                                 United States Magistrate Judge

      Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before August 4, 2006.